[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR CONTEMPT POST JUDGMENT/MOTION FOR ORDER, POST JUDGMENT (#166)
The provision found in the parties' agreement incorporated in the judgment that provides that the father pay tuition in the event the child visits with him "as suggested by Dr. Adamakos" is a delegation to a third party of a judicial function and is null and void. The court orders a new hearing on the educational needs of the minor to determine what is in her best interests, cf.Hardisty v. Hardisty 183 Conn. 253 (1981).
The court notes that the stipulation dated October 26, 1999 (#157) providing for the substitution of Dr. Feinberg M.D. for Dr. Adamakos in Paragraph 2 was approved on October 26, 1999.
The defendant's literal reading of Paragraph 4 under "Financial Issues" leads to an unreasonable position that, although Dr. Adamakos did not actively participate in the therapy that only he could designate the "suggested" visits.
The parties' agreement hinging a financial obligation of the father on a minor's visits with that parent is found not to be in the best interests of the child. The parties' agreement incorporated into the judgment is a contract of the parties.Issler v. Issler, 250 Conn. 226, 235 (1999). The considerations for the mutual promises are exchanged between the parties. Although the minor may be a beneficiary of the parties' contract, the child is not a contracting party. Since there does not appear to be any obligation to pay the tuition, if the father does not, the agreement fails for this reason as well. It may well serve CT Page 1577 the child's best interests to attend private school, but the parties have not adequately provided for it.
The plaintiff's motion is denied.
HARRIGAN, J.